(No. 35072.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM GLASS, Plaintiff in Error.

*Opinion filed May 22, 1959.*

ROGERS, ROGERS, STRAYHORN & HARTH, of Chicago, (EARL E. STRAYHORN, JOHN W. ROGERS, and RAYMOND E. HARTH, of counsel,) for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago,

(FRED G. LEACH, WILLIAM H. SOUTH, FRANCIS X. RILEY, and WILLIAM L. CARLIN, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Upon trial before a judge of the criminal court of Cook County, William Glass and a codefendant, James Morrison, were found guilty of an unlawful sale of narcotics. Each was sentenced to the penitentiary for a period of not less than ten nor more than twenty years. Glass prosecutes this writ of error, contending that the proof is insufficient and that error was committed in admitting certain evidence.

There is little dispute as to the essential facts. On July 16, 1957, police officer James Bryson arrested one Herman Summers for possessing marijuana. The latter than made a telephone call, in the officer's presence, after which the two had a conversation. Upon searching Summers to ascertain that he no longer had anything on his person, the officer gave him currency totalling $300, the serial numbers of which had first been recorded. Summers thereafter left by auto and went to a restaurant operated by Morrison, where he gave money to the latter as the two were standing on the sidewalk. Morrison then went back into the restaurant. Summers got into his car and had driven a short distance when officer Bryson curbed him and had a brief conversation. Bryson, with a companion officer, then drove to the corner of Forty-eighth Street and St. Lawrence Avenue, and waited there.

The officers observed Summers standing on the northwest corner. Presently the defendant Glass came out of a building with a package under his arm. He walked to Summers and gave him the package. Glass was then arrested, after he and Summers had entered a parked car possessed by Glass but owned by Morrison. The package, found in Summers's lap, contained marijuana.

The defendant Glass, it appears, was employed at Morrison's restaurant. The police officers there arrested Morrison and his wife, and took them to headquarters where a search was conducted. Upon the person of Mrs. Morrison was found $200 of the $300 in marked bills which had previously been given to Summers. Upon being asked, in the presence of Glass and Morrison, what had become of the missing $100, she said she had given it to a collector.

Glass denied he sold the package, and testified in his own behalf that it had been left at his home by Summers while he was away; that when he found it he tried to reach Summers without success; that when he later saw Summers on the street he told the latter to get the package out of his house; and that when Glass brought it out to the car to return it to Summers a policeman came up and arrested him.

In determining whether evidence is sufficient to sustain a conviction for selling narcotics, the finding of a court sitting as the trier of facts must stand unless it can be said that the proof is so unsatisfactory as to justify the entertainment of a reasonable doubt of guilt. (*People* v. *Barney,* 15 Ill.2d 503.) The credibility of witnesses and the drawing of legitimate inferences from proved facts are within his province. We think the evidence in this case adequately supports the judgment. Defendant argues that the record contains no showing that he was aware of the payment by Summers to Morrison, that Morrison called him and advised him of the deal, or that his delivery of the package was part of the transaction in which the payment of money was involved. We cannot accept the argument. The "sale" of narcotics prohibited by criminal statutes is much broader in scope than the concept of a sale which prevails in other branches of the law. (*People* v. *Shannon,* 15 Ill.2d 494.) It may include a transfer by gift as well as one for consideration in money. It is undisputed that Glass delivered

to Summers a package which contained narcotics. The trial court rejected the explanation by which defendant attempted to negative guilt, and accepted the evidence of the prosecution, with the reasonable inferences therefrom, as true. It was fully warranted in doing so.

Defendant contends it was error to admit in evidence the marked money which had been given to Summers by the police. Glass and Morrison were tried together, and it frequently requires the whole of the evidence in a case to prove a particular defendant's connection with the crime. (*People* v. *Grilec,* 2 Ill.2d 538.) If the circumstances show a common design to engage in an unlawful transaction, whatever one does in furtherance of it is the act of the other. (*People* v. *Arnett,* 408 Ill. 164; *People* v. *Hobbs,* 400 Ill. 143.) We think the circumstances shown here justify the inference that there was a common design to sell narcotics to Summers. The admission in evidence of marked bills in a case of this kind is not error (see *People* v..*Montgomery,* 271 Ill. 580) ; and the fact that they were received by Morrison rather than by Glass does not render the evidence prejudicial to the latter.

The judgment is not vulnerable to defendant's assignments of error, and it will accordingly be affirmed.

*Judgment affirmed.*