(No. 35902.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDGAR LEE JOHNSON, Plaintiff in Error.

*Opinion filed March 23, 1962.*

CHARLES V. FALKENBERG, JR., of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and DEAN H. BILTON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Edgar Lee Johnson and John Henry Banks were indicted in the criminal court of Cook County for the unlawful sale of narcotic drugs. Banks pleaded guilty and Johnson was found guilty in a trial before the court. Johnson prosecutes this writ of error to review the judgment finding him guilty and fixing his punishment for a term of not less than ten nor more than eleven years.

The prosecution produced the following evidence by its witness Agent Leek of the Federal Narcotics Bureau. On November 19, 1958, at approximately 6:30 P.M. Agent Leek was introduced to Johnson at the Club Escapade, a tavern, by Leo Townsend, a cab driver and "special agent" of the bureau. Townsend told Johnson that he wanted an ounce of heroin and Johnson said he would have to see his man and that the cost of the drug would be $150. Agent

Leek gave Johnson $150 and Johnson left saying it would take 15 minutes to a half hour to get results. Johnson was seen talking to Banks about 9:00 P.M. and at 10:30 P.M. Johnson told Townsend and Leek that the narcotics were ready and Banks would direct them to the pick-up place in Townsend's cab. Banks, Townsend and Leek then drove to 47th and Ingleside and parked the cab. Banks got out, walked into an alley, returned to the cab in about five minutes, and gave Agent Leek an envelope. Townsend and Leek then returned to the office of the Bureau of Narcotics to test the contents of the envelope which proved to be heroin. The heroin was introduced into evidence but the $150 was never recovered.

Defendant testified that he had known Townsend since 1953 and that he knew Townsend was a government agent. He admitted that Townsend and Leek asked him for narcotics on the night in question but testified that, despite being pressured on and off for four hours and showing a feigned illness and a desperate need for narcotics by the agents, he positively refused at all times to sell them any narcotics. He admitted talking with Banks on the night in question but stated he was not accountable for Bank's behavior that evening. He denied receiving any money from Agent Leek.

Defendant first argues that there is insufficient evidence to support the conviction. The People's evidence shows that Johnson arranged the sale, fixed the price and received the money. This tends to prove that he participated in the transaction as either principal, agent or employee and will support a conviction of an unlawful sale of narcotics. *People v. Aldridge,* 19 Ill.2d 176.

Defendant then advances the alternative argument that if the evidence is sufficient to prove a sale by him, it shows that he was entrapped by the government agents. His testimony does not, of course, indicate that he was entrapped by the agents, because he asserted at all times that he did not

participate in the sale. Furthermore, the prosecution's version of the incident does not tend to show entrapment.

It is next argued that because the People's one witness was flatly contradicted by the accused, he was not proved guilty beyond a reasonable doubt. We have consistently held that the testimony of one witness alone, if it is positive and the witness credible, is sufficient to convict even though the testimony is contradicted by the accused. *People* v. *Cox,* 22 Ill.2d 534; *People* v. *Tunstall,* 17 Ill.2d 160; *People* v. *Pride,* 16 Ill.2d 82.

Defendant also argues that the narcotics obtained from Banks were erroneously admitted in evidence. In *People* v. *Glass,* 16 Ill.2d 595, the evidence showed that money was given to James Morrison at one location and narcotics were delivered by defendant Glass, at another location. We pointed out that where there is a common design to engage in an unlawful transaction whatever one does in furtherance of it is the act of the other, and we rejected the contention that the money given to Morrison should not have been admitted into evidence. Since the evidence here shows that the money given to Johnson was in exchange for the narcotics later delivered by Banks, the narcotics were properly admitted in evidence. *People* v. *Glass,* 16 Ill.2d 595.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*