(No. 37122.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHESTER THRESHER, Plaintiff in Error.

*Opinion filed February 1, 1963.*

EDWARD F. McGIBBON, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and EDWIN J. BELZ, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The defendant was indicted for possessing, selling and dispensing narcotics. After a waiver of a jury trial the defendant was found guilty by the court of the unlawful

possession of narcotics. He was sentenced to the pentitentiary for a minimum of two and a maximum of five years. The defendant's only contention here is that he was not proved guilty beyond a reasonable doubt.

Paul W. Hemphill, a narcotics inspector for the State of Illinois, testified that he was in the vicinity of Moore and Division streets in the city of Chicago on May 19, 1961. The defendant, whom the agent had not known previously, approached Hemphill and they conversed with reference to Hemphill's being in the area. Hemphill told the defendant that he was waiting for a man to sell him some narcotics. Thereupon the defendant stated that he had a quantity of heroin that he would sell for thirty dollars. After some further discussion as to the price, the inspector paid the defendant thirty dollars, using prerecorded official advanced funds, and received from the defendant a small foil-wrapped package. It was stipulated that the contents of the package consisting of white powder had been examined by a qualified chemist and found to be a narcotic known as heroin.

On cross-examination the narcotics inspector stated that he had never seen the defendant prior to May 19, 1961, when he purchased the narcotics and that he was not present when the defendant was arrested on June 23, 1961. He also testified that after receiving the narcotics he left the defendant standing on the corner of Division and Moore streets, and went to meet other narcotics agents at a prearranged place nine or ten blocks away, after which he went directly to his office. The agent was the only witness for the People.

The defendant, who was the only witness for the defense, stated that the only time he ever saw the inspector prior to the trial was on the day of his arrest on June 23, 1961. He denied ever seeing him on May 19, the date of the alleged sale, or that he sold or gave any narcotics to the agent or that he ever possessed any.

The defendant argues that because the narcotics inspec-

tor, Hemphill, had never seen the defendant prior to the commission of the alleged offense, his identification of the defendant at the trial some eleven weeks later was not sufficient to support the conviction. This court has held that the testimony of one witness, if positive and credible, is sufficient to convict notwithstanding that it is contradicted by the accused. (*People* v. *Johnson*, 24 Ill.2d 195.) Hemphill's identification of the defendant was positive and unshaken. He testified that the defendant approached him initially, that they conversed for a while with reference to Hemphill's being in the area and then discussed the price of the narcotics for an additional two to three minutes. The trial judge felt that Hemphill, who was a trained narcotics agent, had an ample opportunity at this time to observe the defendant, and his identification at the trial was sufficient. On review, this court will not substitute its judgment for that of the trial judge unless it clearly appears that there is a reasonable doubt of the defendant's guilt, which is not the situation in this case. (*People* v. *Guido*, 25 Ill.2d 204.) Therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*