People of the State of Illinois, Plaintiff-Appellee, v. Valerie Manley and Kathy Davis, Defendants. On Appeal of Valerie Manley, Defendant-Appellant.

Gen. No. 49,674.

First District, Second Division.

September 29, 1964.

Walter La Von Pride, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and William J. Nellis, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court:

Defendant Valerie Manley was tried without a jury and found guilty of the crime of unlawful sale of a narcotic drug. Punishment was fixed at imprisonment for a minimum of ten years and a maximum of twelve years. Motions in arrest of judgment and for a new trial were denied. On appeal defendant claims: first, that the prosecution failed to introduce the physical evidence of the narcotic drug in the record, and that the stipulation which, the prosecution claims, waives the need to introduce the physical evidence does not apply to defendant; and second, that the evidence did not prove her guilty beyond a reasonable doubt.

Working in connection with two other State narcotic inspectors, Officer Paul Hemphill arranged to meet Kathy Davis, an admitted narcotic addict, on the evening of April 16, 1963 in order to purchase some heroin. He picked her up at about 9:20 p. m. at her home at 6219 South Ellis Avenue, Chicago, and after making several stops, one at an outdoor telephone where Miss Davis initiated one call and then responded to an incoming call, he arrived at the corner of 79th Street and Drexel Avenue and parked near the northeast corner of that intersection. En route he had asked the price of a "spoon" (one-fourth ounce) of heroin and then paid Miss Davis the $125 she had quoted. Shortly after he parked, the other two inspectors arrived and stationed themselves so that they had a complete view of the corner. Miss Davis told Officer Hemphill that her supplier did not wish to deal directly with him, and accordingly Miss Davis had arranged to make the connection. Around 11:00 p. m. Miss Davis walked to a 1961 dark blue Impala Chevrolet parked nearby, entered it, and sat with a female occupant for nearly ten minutes. When Miss Davis returned to Officer Hemphill she told him that she had

given the money to the supplier who would be back very soon. Officer Hemphill and Miss Davis waited in a tavern on the corner of 79th Street and Drexel Avenue for the return of the supplier. About 12:30 a. m. Officer Hemphill, employing a fictional excuse of illegal parking, left the tavern by himself and observed the same Impala. Just then its occupant, Miss Manley, got out of the car, walked in front of it, paused at its right front fender, and dropped a white object a little smaller than a cigarette package. Miss Manley then walked toward the tavern, passing within five feet of Officer Hemphill, and tapped on the front window of the tavern. Miss Davis came out, followed Miss Manley to the Impala, stooped beside the right front tire, and retrieved a white object a little smaller than a cigarette package. Miss Davis then walked to Officer Hemphill's car where he had gone back to wait and gave him the white object—a tinfoil package of heroin wrapped in a white piece of tissue paper.

The other two State narcotic inspectors were stationed near the corner of 79th Street and Drexel Avenue and were so positioned that they could observe the transfer. They both testified that they saw Miss Manley park near the intersection about 11:00 p. m., saw Miss Davis enter Miss Manley's Impala, and then leave it about ten or fifteen minutes later. They also both testified that about an hour and a half later Miss Manley returned in the Impala, went to the tavern and tapped on the window to get Miss Davis's attention; that Miss Davis came out of the tavern, walked around to the front of the Impala, stooped down, and then walked back around to the driver's side; and that Miss Manley then drove away. One agent testified that after she had driven away he walked over to the area where the Impala had been parked and could not find the white object he had seen Miss Manley drop.

317

Both Miss Davis and Miss Manley were found guilty of an unlawful sale of a narcotic drug. Because Miss Davis was only nineteen years old, had no prior police record, and was an addict, the court, on its own motion, vacated the finding of guilty as to sale and entered a finding of guilty of possession. She was admitted to probation for five years upon serving six months in the county jail. This appeal is only from the judgment sentencing Miss Manley to the penitentiary.

■ Defendant contends that since the State failed to introduce physical evidence of the narcotic it must be charged with failure to establish an essential element of the crime, but this argument is clearly overcome by the following stipulation entered into between defendants' counsel and the State's attorney:

> "It is stipulated that the package that was received by Officer Hemphill, here, Paul Hemphill, from Kathy Davis, was submitted to the United State's chemist and analyzed by J. D. Endriz. The contents of that package was analyzed and found to contain Heroin hydrochloride. It was analyzed as 48.3 percent Heroin Hydrochloride, monohydrate.
> "So stipulated?
> "MR. PRIDE [Counsel for defendant]: It is so stipulated."

The substance of the tinfoil package and a part of the continuity of possession was thus established by a waiver of formal proof by counsel for both defendants. People v. Collins, 25 Ill2d 302, 185 NE2d 147 (1962); People v. Polk, 19 Ill2d 310, 167 NE2d 185 (1960).

■■ The question then arises as to whether defendant participated in the sale of the narcotic; specifically, did she deposit the heroin beside her vehicle? It clearly appears that defendant was unwilling to

deal directly with Miss Davis' companion. However, defendant's expected and timely arrival obviates any question deriving from the absence of a search of Miss Davis. The proven act of transfer would of itself be a sufficient role in the sale to warrant conviction. People v. Golliday, 20 Ill2d 29, 169 NE2d 263 (1960); People v. Glass, 16 Ill2d 559, 158 NE2d 639 (1959). In United States v. Bogish, 204 F2d 507, 508 (3d Cir 1953), the court, considering the circumstantial evidence, said that "the failure of the government to prove that the informer had no heroin in his possession before his contact with the appellant, while a factor for the jury's consideration in appraising the evidence, was not fatal to the government's case." In United States v. Rossi, 219 F2d 612, 614 (2d Cir 1955), where the package was larger, there was no control or search in the unobserved transfer. There too the court made a realistic appraisal of the absence of a search and said: "Here the evidence far exceeded the minimum required by the application of the rule of circumstantial evidence. . . ."

In the case at bar careful surveillance resulted in observation of the transfer. Miss Manley dropped a package and within minutes an identical package was obtained from the same spot by Miss Davis who was led to the spot by Miss Manley; a post-transfer search of the spot revealed nothing. The slight possibility of a switch by Miss Davis while walking from Miss Manley to Officer Hemphill is virtually removed by Miss Manley's furtive conduct and prior contact with Miss Davis. The failure to search Miss Davis, and thus frustrate the sale, was insignificant in light of the circumstantial proof that Miss Manley supplied the heroin. Cf. People v. Calhoun, 22 Ill2d 31, 174 NE2d 166 (1961).

The remaining ground urged for reversal is that the court found Miss Davis guilty as a possessor and not as a seller. Miss Manley is not in a position to make

this complaint. Counsel represented both Miss Manley and Miss Davis, and at the conclusion of the hearing made an impassioned plea for Miss Davis by pointing out that she was a very weak person, had been an addict for a number of years, and should be given an opportunity to rehabilitate herself. The trial judge evidently agreed with this view and, by finding her guilty as a possessor rather than as a seller, could impose the lesser sentence.

Upon review of the record we are convinced that Miss Manley had a fair trial and that the State proved her guilty beyond a reasonable doubt. The judgment of the Criminal Court is therefore affirmed.

Judgment affirmed.

BURKE, P. J. and BRYANT, J., concur.