**People of the State of Illinois, Plaintiff-Appellee, v. William R. Tackett (Impleaded), Defendant-Appellant.**

**Gen. Nos. 53,314, 53,316, 53,318.**

First District, Fourth Division.

October 15, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Harold A. Cowen, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

439

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Francis X. Riley, Special Assistant State's Attorney, and Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

The defendant pleaded guilty to three indictments charging him with burglary and theft. He was sentenced to a term of two to five years on each charge, all sentences to run concurrently. The defendant raises three points on appeal: (1) the trial court was under an obligation to order a hearing upon its own motion on the question of defendant's sanity; (2) defendant did not knowingly, understandingly and voluntarily enter a plea of guilty; and (3) the trial judge did not adequately indicate to defendant the consequences of his guilty pleas as to all three charges.

On the day of the trial, defendant's retained counsel on theft indictment No. 67–276 indicated to the court that the defendant did not wish to follow his independent recommendation and requested a continuance. This request was denied. The State then answered ready to indictment No. 67–3259 which charged the defendant with burglary. The court held the case until the assistant public defender could appear as counsel for defendant on this charge. When court reconvened, the public defender stated that defendant had authorized him to stand in the place and stead of his other two lawyers on the theft indictments. The defendant, by his attorney, then withdrew his pleas of not guilty and entered pleas of guilty to the three indictments.

Prior to the date of trial, the trial judge had ordered an examination of the defendant by the Behavior Clinic. The diagnosis of Dr. Haines was "Sociopathic Personality Dis-

440

turbance. He knows the nature of the charge and is able to cooperate with his counsel."

The defendant contends that the trial court erred in not ordering a sanity hearing based upon Dr. Haines' finding that defendant had a "sociopathic personality disturbance." We find no such error. In People v. Pridgen, 37 Ill2d 295, 298, 226 NE2d 598, the court stated:

> It is clear that the defendant is entitled to a sanity hearing on the issue of his competency to stand trial if facts have been presented to the court which raise a bona fide doubt of defendant's sanity. (Pate v. Robinson, 383 US 375, 15 L Ed2d 815; McDowell v. People, 33 Ill2d 121; People v. Burson, 11 Ill2d 360; Brown v. People, 8 Ill2d 540.) Nevertheless, it is within the discretion of the trial judge to decide whether the facts and circumstances raise a bona fide doubt of the defendant's sanity so as to require a hearing. People v. Milligan, 28 Ill2d 203; People v. Baker, 26 Ill2d 484.

■ In the instant case no request for a sanity hearing was made by the defendant or his counsel and no facts or circumstances appear in the record which establish a bona fide doubt of defendant's sanity so as to require the court to cause a sanity hearing to be held. The only evidence relied upon by the defendant to show his lack of mental capacity is the report of the Behavior Clinic. However, since the report itself found that the defendant understood the nature of the charge and could cooperate with counsel, it clearly did not establish a bona fide doubt of defendant's sanity.

■ The defendant also argues that he did not knowingly, understandingly and voluntarily enter a plea of guilty. We do not agree. At the trial the following colloquy took place:

MR. MALONEY: "The other two lawyers, Your Honor, and I, and Mr. Tackett have discussed these indictments together and as a result of those discussions Mr. Tackett has authorized me, and the other two lawyers have authorized me to act on their behalf, and on his behalf"—

THE COURT: "All right, sir."

MR. MALONEY: "And it is Mr. Tackett's desire this morning, Your Honor, to withdraw his pleas of not guilty, which are now of record, and to enter pleas of guilty to the three indictments."

THE COURT: "Mr. Tackett, before accepting your plea of guilty to these three indictments, 67–276, 67–1620, and 67–3259, I inform you that when you plead guilty you are giving up your right to a trial by jury. Do you understand that?"

DEFENDANT TACKETT: "Yes, I do, Your Honor."

THE COURT: "When you plead guilty to the crime of burglary you subject yourself to a sentence by this Court of not less than a year and as much as the rest of your life.
"Do you understand that?"

DEFENDANT TACKETT: "Yes, I do, Your Honor."

THE COURT: "I inform you that if any promises have been made to you to induce you to plead guilty instead of not guilty the Court is not bound by any such promises that may have been made and the Court would sentence you in accordance with the facts presented before it.

"Knowing these things do you persist in pleading guilty, Mr. Tackett?"

DEFENDANT TACKETT: "Yes, I do, Your Honor."

THE COURT: "There will be a finding of guilty to all three indictments."

The defendant personally, clearly and articulately answered the court's several inquiries, and with the same directness knowingly and voluntarily pleaded guilty, all of which is affirmatively shown by the record before us. See Boykin v. Alabama, 395 US 238; People v. Mims, 42 Ill2d 441, 248 NE2d 92.

■ The defendant next contends that the trial court did not sufficiently indicate the consequences of a plea of guilty as to all three charges. The trial judge stated that for the crime of burglary the defendant could receive a sentence "of not less than a year and as much as the rest of your life." He did not advise the defendant as to the possible sentences for theft. The defendant stated that he understood he could be sentenced to life imprisonment, and yet he persisted in his pleas of guilty. We find that this error was harmless since the maximum sentence for burglary is any indeterminate term while the sentence for theft is a maximum of ten years.

For the reasons herein set forth the judgment and sentence of the Circuit Court are affirmed.

Affirmed.

ENGLISH and LEIGHTON, JJ., concur.