**People of the State of Illinois, Plaintiff-Appellee, v. Curtis Stover, Defendant-Appellant.**

**Gen. No. 53,526.**

First District, Third Division.

March 5, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Saul H. Brauner, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

Curtis Stover was indicted for the possession of burglary tools and for the attempted burglary of a gasoline station. In a nonjury trial he was found not guilty of possession, guilty of attempt burglary and was sentenced to the penitentiary for a term of one to two years.

The gasoline station was located on the southeast corner of Armitage and Kimball Avenues, Chicago. The south wall of the service station was on the north edge

of an east to west alley and the back door of the station was on the alley side. An apartment building, which faced Kimball Avenue, was on the south side of the alley. Mary Eckert lived in one of the upper apartments and Paul Jankowski, a sergeant in the Chicago Police Department, lived on the first floor.

Late in the evening of April 12, 1968, Mrs. Eckert heard a noise in the alley. She went to the window and saw two men at the back door of the station. She telephoned Mrs. Jankowski, who aroused her husband. Jankowski looked out his bedroom window, which was directly in line with the southwest corner of the gas station. He saw two men at the rear door and one of them, whom he later identified as Stover, was prying at the door with a bar. As he observed them, an automobile driven by a neighbor, Elmo Roman, who parked his car at the station, came down the alley from the east. The auto's lights illuminated the men and, as Stover turned toward the auto, Jankowski saw his face in the headlights. The men ran behind a trailer which was parked along the wall of the station. Jankowski took his service revolver and went out after them. After searching for a few moments, he found Stover lying facedown near a flower bed in the yard on the south side of his home. With his star in one hand and his revolver in the other, he told Stover he was a police officer and to stand up and face him. Stover got up, spun around and ran toward the wire fence on the west end of the lot. Jankowski chased him, caught him with one hand but could not hold him. Stover leaped over the fence and ran south on Kimball Avenue. Jankowski fired at him and wounded him.

Roman testified that as he drove west in the alley and approached the gas station, his headlights spotted two men behind the station. The men ran when the lights hit them and he did not see their faces.

The molding on the rear door of the station had been pried away and there were marks on the glass. A knife, a crowbar and a tire iron were found near the door.

Stover, an unemployed auto mechanic who lived in the vicinity, testified that on that evening he, a friend and two girls stopped in the parking lot behind the gas station to have a drink from a bottle of brandy. He did not see anyone else at the rear of the station. A car came on the station's lot and someone hollered, "There's the police, we had better get out of here." They all ran because one of the girls was in violation of a City curfew. Two or three minutes later he was shot. He said the first time he saw Sergeant Jankowski was after the shooting, when Jankowski stood over him.

 The defendant's main argument is that his identification was so uncertain as to leave a reasonable doubt of his guilt. Positive identification by a single witness is sufficient to sustain a conviction if the witness is credible and if he had an ample opportunity to view the defendant. People v. Washington, 26 Ill2d 207, 186 NE2d 259 (1962). Jankowski saw the two men across the width of an alley. The alley was bright enough for him to see their clothing and complexions. He said the man who escaped was a Latin type and that he could describe his face. The faces of both men were illuminated when Roman's automobile approached and this afforded him an adequate opportunity to observe the defendant, whose features he saw clearly in the headlights. The fact that Roman did not see their faces does not weaken Jankowski's identification. He and Roman saw the men from different viewpoints—he from a few feet south, Roman from several feet to the east; his eyes were focused on their faces when the headlights shined on them, Roman's were not. The defendant could have been clearly visible to one witness but not to the other.

█ █ Other evidence connecting the defendant with the crime further corroborated his identification. He admitted he was at the rear of the station and fled when the automobile approached. Jankowski found him hiding in a nearby yard. He attempted to escape when he was apprehended. From his flight and attempt to escape the court could have inferred a consciousness of guilt. People v. Lofton, 64 Ill App2d 238, 212 NE2d 705 (1965).

█ The defendant argues that doubt is cast on his guilt because the trial court refused to admit into evidence the tools which the State claimed were used by him in attempting to enter the building, and because the court found him not guilty of the charge of possessing these tools. Attempt burglary is the taking of a substantial step toward the unauthorized and knowing entry into a building with intent to commit a felony or theft. Ill Rev Stats 1967, c 38, §§ 8–4, 19–1. The crime of possession of burglary tools is the possession of any instrument suitable for breaking into a building with intent to enter a building and to commit therein a felony or theft. Ill Rev Stats 1967, c 38, § 19–2. It is possible to commit attempted burglary and not be in the possession of burglary tools under the Criminal Code. Although not receiving in evidence the tools which were found at the garage door and the finding of not guilty of possession do appear to be inconsistent with the finding of guilty of attempt burglary, the defendant should not complain that he was acquitted of a crime for which he could have been convicted.

█ █ In a nonjury trial, the trial court is the trier of fact. The court must determine the credibility of the witnesses and the weight to be accorded their testimony; the court's finding will be reversed only when it is based on unsatisfactory evidence which creates a reasonable doubt of the defendant's guilt. People v. Smith,

95 Ill App2d 235, 238 NE2d 186 (1968). The evidence showed the defendant was engaged in an attempted burglary and his guilt was proved beyond a reasonable doubt. The judgment is affirmed.

Judgment affirmed.

SCHWARTZ and McNAMARA, JJ., concur.