**People of the State of Illinois, Plaintiff-Appellee, v. Luis Velez Adorno, Defendant-Appellant.**

**Gen. No. 53,547.**

First District, Fourth Division.

May 27, 1970.

<br>

Kenneth J. Wysoglad and Christopher A. Mills, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Richard S. Rosen, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Defendant was convicted after a bench trial of the offense of unlawful dispensing of a narcotic drug. (Ill Rev Stats 1967, c 38, § 22–3.) Judgment was entered and defendant was sentenced to a term of ten to fifteen years. Defendant raises three points on appeal: (1) he did not knowingly and understandingly waive his right to a jury trial; (2) he was denied the right to confront and cross-examine the witnesses against him; and (3) the offense was not proven beyond a reasonable doubt.

The facts may be briefly summarized. On April 14, 1967, at approximately 6:30 p. m., Officer Eugene Manion of the Chicago Police Department, upon information received from a reliable informant, proceeded to the corner of Washtenaw and Division. From his automobile he observed the defendant standing on the corner. Defendant was approached by two men, Aroyo and Lee, known to Manion to be narcotic addicts. The three men began walking north on Washtenaw while Manion followed them on foot. When the three men stopped he heard the defendant say, "Wait there and I'll get the stuff." Defendant left but soon returned and rejoined Aroyo and Lee.

Manion then observed the defendant hand a silver package to Aroyo and start to hand a brown package to Lee. Lee began to give defendant some United States currency. Manion then stepped out from behind a big tree and identified himself. Lee grabbed the currency from defendant. Aroyo dropped the silver package he had received from defendant, and defendant dropped the brown package. Manion observed and followed the fall of the silver package that he had seen defendant hand to Aroyo.

Manion arrested the three men and picked up the silver package from the ground. The package was inventoried and then tested at the Chicago Police Crime Laboratory. It was found to contain heroin.

At trial defendant testified in his own behalf and stated that he did not know Aroyo or Lee when apprehended with them and had never handed either of them a package.

Defendant contends that he did not knowingly and understandingly waive his right to a jury trial. However, when defendant's counsel was asked by the court if there would be a jury or bench trial, counsel answered, "It will be a bench." The court then explained to defendant that he had the right to a jury trial or, if he wished to be tried by the court, he could waive his right to be tried by a jury. The court then told defendant that if he wanted to waive a jury trial he could sign a jury waiver form. Defendant signed the jury waiver.

In People v. Sailor, 43 Ill2d 256, 253 NE2d 397 defendant also contended that the court failed in its duty to see that her waiver of a jury trial was knowingly and understandingly made. However, the court found no merit in defendant's argument and at page 260 stated:

The record reveals that defendant's counsel, in her presence and without objection on her part, expressly advised the court that the plea was "not guilty"

100

and that a jury was waived. An accused ordinarily speaks and acts through his attorney, who stands in the role of agent, and defendant, by permitting her attorney, in her presence and without objection, to waive her right to a jury trial is deemed to have acquiesced in, and to be bound by, his action.

█ In the instant case we find that defendant knowingly and understandingly waived his right to a trial by jury.

Defendant also argues that he was denied the right to confront and cross-examine the witnesses against him. Defendant was convicted for dispensing a narcotic drug to a man identified by Officer Manion as Mr. Aroyo. Defendant claims that since Aroyo did not appear as a witness, he was denied the right to confront the witnesses against him.

█ It is only necessary for the prosecution to call as many witnesses as it believes necessary to prove defendant guilty beyond a reasonable doubt. In the instant case the only witnesses who testified against the defendant were two police officers, who were thoroughly cross-examined by defense counsel. Defendant had seen the list of the prosecution's witnesses before trial and he knew that Aroyo was not going to be called as a witness by the State. If defendant felt that the testimony of Aroyo was essential he could have required his appearance by means of the subpoena power. This he did not do.

█ Furthermore, an adverse presumption against the State does not arise from its failure to call Aroyo as a witness. In People v. Jones, 30 Ill2d 186, 195 NE2d 698, the defendant argued that the failure of the State to call a witness to a crime created a presumption that the testimony would be adverse to the State. However, the court at page 190 stated that:

The State is not obligated to produce every witness to a crime and the failure to produce a witness does

101

not give rise to a presumption that the testimony of that witness would be unfavorable to the prosecution.

Defendant next contends that he was not proven guilty beyond a reasonable doubt of dispensing a narcotic drug. ▆▆ It has been consistently held that the testimony of one witness, if it is positive and the witness credible, is sufficient to support a conviction even though the testimony is contradicted by the accused. People v. Johnson, 24 Ill2d 195, 181 NE2d 164; People v. Cox, 22 Ill2d 534, 177 NE2d 211; and People v. Smith, 121 Ill App2d 105, 257 NE2d 261. Furthermore, in a nonjury trial it is the function of the trial court, as the trier of the facts, to determine the credibility of the witnesses and the weight to be accorded their testimony. The trial court's finding will be disturbed only where the evidence is so unreasonable or unsatisfactory as to create a reasonable doubt of defendant's guilt. People v. Scott, 38 Ill2d 302, 231 NE2d 441, and People v. Stover, 121 Ill App2d 263, 257 NE2d 580. In the instant case the evidence showed that the defendant dispensed a narcotic drug and his guilt was proven beyond a reasonable doubt.

The judgment is affirmed.

Affirmed.

ENGLISH and LEIGHTON, JJ., concur.