THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* IHOR BLAHUTA, Defendant-Appellant.

(No. 53705;

First District—October 30, 1970.

Gerald W. Getty, Public Defender, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle, Michael Goldstein, and Blanch Manning, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Defendant was convicted after a bench trial of the offenses of attempted burglary (Ill. Rev. Stat. 1967, ch. 38, par. 19—1) and possession of burglary tools (Ill. Rev. Stat. 1967, ch. 38, par. 19—2). Judgment was entered and he was sentenced to two to six years for attempted burglary

and one to two years for possession of burglary tools, the terms to run concurrently. Defendant raises three points on appeal: (1) he was not proven guilty beyond a reasonable doubt; (2) the trial court erred when it failed to hold a conpetency hearing on its own motion; and (3) sentences should not have been imposed for both attempted burglary and possession of burglary tools.

*Testimony of Frank Gresik,* complaining witness, for the State.

He owns a grocery store located at 3024 Wabansia, Chicago, Illinois, and lives above the store. On June 25, 1968, at 1:00 A.M. he heard pounding noises and went downstairs with a flashlight to investigate. He came down from the second floor to the back of the building. His store is ground level. There are steps on the side of the building going down to the basement where groceries for use in the store are kept.

When he flashed the light at the basement door he saw the defendant standing there and sweating. The defendant was not inside the building. He knew the defendant by name since the defendant lived in the neighborhood and had been in the store before. As he flashed the light at defendant he noticed a crowbar leaning against the basement door. When he asked the defendant what he was doing there, defendant said he was defecating. He allowed the defendant to leave. He then went down the steps and found that the door had been jimmied. On further inspection he also noticed that the door was all chipped. He had not noticed any marks on the door before June 25th.

He picked up the crowbar and brought it upstairs. He told his wife to call the police. After the police arrived he gave them defendant's name and description. The police then left to see if they could find the defendant. A short time later the police returned accompanied by the defendant. The defendant had no authority to enter his building. He gave the police the crowbar.

*Testimony of George Carlson,* a police officer, for the State.

On June 25, 1968, at about 1:00 A.M. his partner and he responded to a call. Mr. Gresik informed him of certain events that had occurred and gave him a description of a man. His partner and he then left. A short time later he observed the defendant walking southbound in the 1700 block of Albany. As the squad car approached the defendant, he observed defendant throw a screwdriver to the ground. He never lost sight of the screwdriver. He arrested the defendant and retrieved the screwdriver.

His partner and he then returned to Gresik's store and examined the basement door. There were marks on the door. Mr. Gresik gave him the crowbar which was inventoried. In court he identified the defendant as

the man he arrested, the screwdriver he recovered, and the crowbar given to him by Mr. Gresik.

*Testimony of John Grabinger,* a police officer, for the State.

His testimony was substantially the same as that of his partner, Officer Carlson. Upon an examination of the basement area he noticed marks on the door and chippings of wood on the ground just below where the marks were.

The defense presented no evidence.

*Opinion*

One of the offenses defendant was charged with was attempted burglary. "Attempt" is defined in Illinois Revised Statutes, 1967, ch. 38, par. 8—4(a), as:

(a) Elements of the Offense.

A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense.

Burglary is defined in Illinois Revised Statutes, 1967, ch. 38, par. 19—1, as:

A person commits burglary when without authority he knowingly enters or without authority remains within a building, house-trailer, watercraft, aircraft, motor vehicle as defined in the Illinois Motor Vehicle Law, approved July 11, 1957, as amended, railroad car, or any part thereof, with intent to commit therein a felony or theft. This offense shall not include the offenses set out in Section 4—102 of the "Illinois Motor Vehicle Law", as heretofore or hereafter amended.

■■ Defendant first contends that since only circumstantial evidence was introduced, he was not proved guilty beyond a reasonable doubt. However, the jimmied basement door with wood chips on the ground, Mr. Gresik's finding of the crowbar leaning against the same door, and defendant's late night presence at the basement door were facts from which reasonable inferences could be drawn that defendant had taken substantial steps toward the commission of a burglary. Further, defendant's explanation of his presence was unsubstantiated. It seems probable that in view of the acts already committed by the defendant, the completed burglary would have been achieved if it had not been for Mr. Gresik's investigation of the late night noises. Under somewhat similar circumstances, the court in *People v. Rose,* 124 Ill.App.2d 447, 450, stated:

Thus, if it had not been for the approaching police car, it seems probable in view of the acts already committed, that the crime of burglary would have been completed. There was a near proximity to success

in carrying out the burglary; the evidence was sufficient to establish acts constituting substantial steps toward its accomplishment, as required by the statute. *People v. Woods* (1962), 24 Ill.2d 154, 158, 159, 180 N.E.2d 475; *People v. Paluch* (1966), 78 Ill.App.2d 356, 358-360 incl., 222 N.E.2d 508.

■■ While there was no direct evidence of defendant's intent to commit the burglary, since he did not admit his guilt, we believe that there were sufficient facts presented to warrant the inference of the requisite intent of defendant to commit a burglary. *People v. Rose, supra,* and cases therein cited.

■■ The defendant also argues that his guilt as to both offenses was not proven beyond a reasonable doubt because the evidence was unsatisfactory and conflicting. The evidence presented by the State consisted of three witnesses, all of whom testified in a coherent and credible manner. In a non-jury trial it is the function of the trial court, as the trier of the facts, to determine the credibility of the witnesses and the weight to be accorded their testimony. The trial court's finding will be disturbed only where the evidence is so unreasonable or unsatisfactory as to create a reasonable doubt of defendant's guilt. (*People v. Stover,* 121 Ill.App.2d 263, and *People v. Adorno* (1970), 126 Ill.App.2d 98.) In the instant case the evidence shows that defendant's guilt was proven beyond a reasonable doubt.

Defendant next contends that the trial court erred when it failed to hold a competency hearing on its own motion. (Ill. Rev. Stat. 1967, ch. 38, par. 104—2.) The evidence relied upon by defendant to show his lack of competency was his repeated refusal to sign a jury waiver form, even though he knowingly and intelligently orally waived a jury; the fact that he got caught attempting to burglarize Mr. Gresik's store because he made too much noise; and because as part of his sentence the State was directed to "provide such psychiatric care as may be indicated after proper diagnosis is made by the State institution and the facilities that are provided for that purpose."

■■ We believe, however, that these facts do not raise a *bona fide* doubt of defendant's incompetency so as to require the trial court to conduct a competency hearing on its own motion. (*People v. Tackett,* 115 Ill.App.2d 439.) We would also point out that when the case went to trial neither the defendant nor his counsel sought a competency hearing, and it appears from the record that the defendant was rational and cooperative at his trial. *People v. Sadeghzaden,* 124 Ill.App.2d 375.

Defendant also contends that concurrent sentences should not have been imposed for both attempted burglary and possession of burglary tools since both offenses arose out of the same conduct. The court's

recent holding in *People v. Stewart*, 45 Ill.2d 310, upholds this contention. In *Stewart* the defendant also argued that his concurrent sentences for aggravated battery and attempted robbery were improper since both offenses arose out of the same conduct. The court stated at page 312:

"The problem raised by this contention is not unique to this jurisdiction. * * * It has, however, been disposed of in this State, so far as consecutive sentences are concerned by *People v. Stingley* (1953), 414 Ill. 398, *cert.* denied 345 U.S. 959, 97 L.Ed. 1379, and so far as concurrent sentences are concerned by *People v. Schlenger* (1958), 13 Ill.2d 63. * * *

The conclusions reached in the *Stingley* and *Schlenger* cases were incorporated in paragraph (m) of section 1—7 of the Criminal Code of 1961 (Ill. Rev. Stat. 1967, ch. 38, par. 1—7), which provides: '(m) Consecutive and Concurrent Sentences. When a person shall have been convicted of 2 or more offenses which did not result from the same conduct, either before or after sentence has been pronounced upon him for either, the court in its discretion may order that the term of imprisonment upon any one of the convictions may commence at the expiration of the term of imprisonment upon any other of the offenses.'

The comments of the drafting committee concerning this provision are as follows: 'Subsection (m) is intended to codify the holding in *People v. Schlenger* (1958), 13 Ill.2d 63, 147 N.E.2d 316, by the implicit converse of the provision stated, *i.e.*, if the offenses resulted from the same conduct the defendant may not be sentenced on both, either concurrently or consecutively. "Conduct" is defined in section 2—4 and is used in the sense of "the same transaction" discussed in Schlenger, *supra.*' (S.H.A., ch. 38, § 1—7, Committee Comments, p. 32.) * * *

* * * Attempted robbery is the more serious of the two offenses charged in this case, for it is punishable by imprisonment for a term of not less than one nor more than 14 years (Ill. Rev. Stat. 1967, ch. 38, par. 8—4), while aggravated battery is punishable by imprisonment 'from one to 10 years'. Ill. Rev. Stat. 1967, ch. 38, par. 12—4.) In accordance with the conclusions reached in *Schlenger* and *Duszkewycz*, [27 Ill.2d 257] the judgment entered upon the charge of attempted robbery is affirmed and the judgment entered upon the charge of aggravated battery is reversed."

See also *People v. Baker*, 114 Ill.App.2d 450, 453-457.

■■ In the instant case there is nothing in the record which shows that the acts which constituted the crime of attempted burglary were independently motivated or otherwise separable from the conduct which

constituted the offense of possession of burglary tools. Therefore, since attempted burglary is the more serious of the two offenses, one to fourteen years imprisonment (Ill. Rev. Stat. 1967, ch. 38, par. 8—4 and 19—1) as compared to one to two years for the possession of burglary tools (Ill. Rev. Stat., ch. 38, par. 19—2), the judgment entered for attempted burglary is affirmed and the judgment entered for the offense of possession of burglary tools is reversed.

Affirmed in part, reversed in part.

ENGLISH and LEIGHTON, JJ., concur.