THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* E. M. STEPHENSON, a/k/a EDWARD M. STEPHENSON, Defendant-Appellant.

(No. 57250; 

First District (4th Division)—May 23, 1973.

*Rehearing denied June 13, 1973.*

James J. Doherty, Public Defender, of Chicago, (Saul H. Brauner, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and James R. Carlson, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

After a bench trial in the circuit court of Cook County, the defendant was found guilty of indecent liberties and deviate sexual assault with one

Grace Ann Crossen, a 12 year-old girl. He was sentenced to the penitentiary for a term of not less than five nor more than 14 years.

The defendant appeals, contending that he was not proven guilty beyond a reasonable doubt since the testimony of the complaining witness was not corroborated nor was it clear and convincing, and that he should be dismissed for failure to grant him a speedy trial under the constitutional provisions and also under the statute.

Grace Ann Crossen testified that on July 26, 1969, she went to bed at approximately 10:00 P.M., wearing a nightgown with pants. Subsequently, Grace was awakened and went into the den of her home where she saw the defendant and asked him what he was doing there. The defendant told her to take off her pants and lay on the couch and then he removed his pants and laid on top of her. He further instructed Grace to remove her underpants. Grace started screaming and crying. Defendant put his hand over her mouth and nose. He then told her not to cry or scream. He then grabbed her by the wrist and told her to put her pants back on. After Grace put her pajama pants back on, defendant led her out to his car. She left her underpants back in the den. After arriving at the defendant's car, Grace saw her sister, Debra, lying nude on the front seat. She then put Debra's pajamas on and placed her in the back seat. The defendant told Grace to put her head on his shoulder, whereupon he began kissing her, occasionally rubbing her breast and vagina. He pulled her pants partially down and told her to remove one leg. He then forced her to rub his penis and sit on it. When she told the defendant she had to go to the washroom, defendant made her lay down on her back and urinate on the seat. Defendant then laid on top of her after which he got up and forced her to perform oral copulation. He told her by putting her mouth on his penis, it would make it slippery and easier to put inside her vagina. Defendant concluded his activities for the evening by warning Grace not to tell anybody or he would beat her up. He told her that she was now a woman because he had broken her "cherry" (hymen). Grace and her sister were taken to St. James Hospital for medical treatment and examination. Grace selected a photograph of the defendant shown to her by police and later identified him in a lineup.

Officer Frank Flannery testified that on the night in question he was called to the girl's home and after he had arrived Grace came in the door carrying her baby sister in her arms. She was crying and screaming and her clothing was wet and smelled of urine. After Grace changed her clothing, he took her to the hospital for medical treatment. He later traveled to New York City to perfect the arrest of the defendant and transported him back to Illinois.

Mrs. Adele Kalinowski, Grace's mother, testified that she knew the defendant and had formerly dated him.

The defendant did not testify at the trial.

Mr. Justice Drucker said in *People v. Adorno* (1970), 126 Ill.App.2d 98, 102, 261 N.E.2d 443:

> "It has been consistently held that the testimony of one witness, if it is positive and the witness credible, is sufficient to support a conviction even though the testimony is contradicted by the accused. People v. Johnson, 24 Ill.2d 195, 181 N.E.2d 164; People v. Cox, 22 Ill.2d 534, 177 N.E.2d 211; and People v. Smith, 121 Ill.App.2d 105, 257 N.E.2d 261. Furthermore, in a nonjury trial it is the function of the trial court, as the trier of the facts, to determine the credibility of the witnesses and the weight to be accorded their testimony. The trial court's finding ·will be disturbed only where the evidence is so unreasonable or unsatisfactory as to create a reasonable doubt of defendant's guilt. People v. Scott, 38 Ill.2d 302, 231 N.E.2d 441, and People v. Stover, 121 Ill.App.2d 263, 257 N.E.2d 580."

■■ The evidence was more than sufficient to convict. It is well established that the testimony of one witness is sufficient to support a conviction. (*People v. Brinkley* (1965), 33 Ill.2d 403, 211 N.E.2d 730.) The trial court heard the testimony of the witnesses and observed their demeanor as they testified. The trial judge, sitting as the trier of the facts, found the defendant guilty. The credibility of the witness is a proper function of the trier of the facts, and where the evidence is merely conflicting, a reviewing court will not substitute its judgment for that of the trial court. (*People v. Hanna* (1969), 42 Ill.2d 323, 247 N.E.2d 610; *People v. Clark* (1964), 30 Ill.2d 216, 195 N.E.2d 631.) The trial court's determination should not be disturbed unless palpably erroneous. *People v. Ostrand* (1966), 35 Ill.2d 520, 221 N.E.2d 499; *People v. Arndt* (1972), 50 Ill.2d 390, 280 N.E.2d 230.

■■ In determining the credibility of the witness, the court should consider not merely the age of the child, to-wit: 12 years old, but the degree of intelligence, and also the time lapse between the occurrence in July, 1969 and the trial in September, 1971. (*People v. Pearson* (1970), 126 Ill.App.2d 166, 170, 261 N.E.2d 519.) The court should further consider the lack of sex experience by the child, and her confusion of mind as to penetration when she experienced pain and discomfort. The defendant was neither charged nor found guilty of rape, but of indecent liberties with a minor and deviate sexual assault. (Ill. Rev. Stat. 1969, ch. 38, secs. 1—2, 11—4.) The evidence was sufficient to prove the defendant guilty beyond a reasonable doubt.

The defendant further argues that the case should be dismissed for failure to grant him a speedy trial under the constitutional provisions and also under the statute.

■■ The right to a speedy trial is guaranteed by the Illinois Constitution (art. I, sec. 8) and is expressed by statute. Chapter 38, § 103—5 of the Illinois Revised Statutes 1969, reads as follows:

§ 103—5. Speedy Trial

(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, by a competency hearing, or by an interlocutory appeal.

(b) Every person on bail or recognizance shall be tried by the court having jurisdiction within 120 days from the date defendant demands trial unless delay is occasioned by the defendant, by a competency hearing, or by an interlocutory appeal.

(c) If the court determines that the State has exercised without success due diligency to obtain evidence material to the case and that there are reasonable grounds to believe that such evidence may be obtained at a later day the court may continue the cause on application of the State for not more than an additional 60 days.

(d) Every person not tried in accordance with subsections (a), (b) and (c) of this Section shall be discharged from custody or released from the obligations of his bail or recognizance.

■■■ The State presented a petition to extend the 120-day period on August 13, 1971, alleging that Dr. Bourke, a material witness, was on vacation in Peru. After a full hearing, the court granted the State's petition and set the trial for September 1, 1971. The defendant did not object to the court's ruling at the time. In *People v. Arndt* (1972), 50 Ill.2d 390, 393, 394, 280 N.E.2d 230, Mr. Justice Davis said:

"The decision of whether an extension of the 120-day period should be granted rests within the discretion of the trial court, and its determination will not be disturbed unless there has been a clear abuse of discretion. (*People v. Wollenberg*, 37 Ill.2d 480; *People v. Poland*, 22 Ill.2d 175, 178.) The exercise of discretion by the trial court must be viewed in light of the situation as it existed at the time the matter was presented to the court, and not as it might appear in retrospect, or in view of subsequent events. *People v. Poland*, 22 Ill.2d 175, 178.

The effect of the continuance—the delay of the trial for an additional 60 days—was not violative of any constitutional right

of the defendant; it was not intentionally oppressive and there was no showing of prejudice to the defendant. *People v. Tetter,* 42 Ill.2d 569, 574; *People v. Love,* 39 Ill.2d 436, 441, 443."

After reviewing the record, we are satisfied there was adequate evidence to support the trial court's judgment. For the foregoing reasons, the judgment of the circuit court is affirmed.

Judgment affirmed.

ADESKO and DIERINGER, JJ., concur.