The People of the State of Illinois, Plaintiff-Appellee, *v.* Gerald Garnes, Defendant-Appellant.

(No. 57083; )

First District (5th Division)—May 25, 1973.

James J. Doherty, Public Defender, of Chicago, (Ira Churgin and John T. Moran, Jr., Assistant Public Defenders, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Thomas Mauet, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant was found guilty after a jury trial of the crimes of burglary in violation of Ill. Rev. Stat. 1969, ch. 38, § 19—1,[1] and for possession of burglary tools in violation of Ill. Rev. Stat. 1969, ch. 38, § 19—2.[2] The

---

[1] Section 19—1 provides in part:
 "(a) A person commits burglary when without authority he knowingly enters or without authority remains within a building * * * with intent to commit therein a felony or theft * * *."

[2] Section 19—2 provides in part:
 "Whoever possesses any key, tool, instrument, device, or any explosive, suitable for use in breaking into a building * * * with intent to enter any such place and with intent to commit therein a felony or theft * * *."

following issues are raised by defendant in this appeal: whether the refusal of the trial court to grant a mistrial was reversible error, whether the admission into evidence of defendant's prior conviction was reversible error, and whether the conviction for possession of burglary tools must be reversed since both it and the conviction for burglary arose out of the same conduct.

In the early hours of the morning of August 1, 1969, Louis Seghers heard a noise in the basement of his apartment that sounded like splintering wood and after investigation discovered defendant in the basement. Seghers restrained defendant with a gun while Seghers' wife called the police. Upon examining the premises, it was discovered that Seghers' personal locker had been broken into. While searching defendant, police officer Lawrence Traub found a small, bent screwdriver, a table knife, and a small spoon in defendant's pocket.

Defendant was tried before a jury on January 21, 1970. During direct examination of police officer Traub, the following conversation occurred:

"PROSECUTOR: After you recovered these particular implements and placed the defendant under arrest what, if anything, did you next do?

OFFICER TRAUB: He was then transported to the 20th District Station where he was informed of his rights. He refused to make any statement and we processed him.

PUBLIC DEFENDER: Object, Judge, to that.

THE COURT: Sustained.

PROSECUTOR: He made no statement?

OFFICER TRAUB: That's right.

PUBLIC DEFENDER: Object to that.

THE COURT: Disregard it.

PROSECUTOR: The State will join in the motion."

The defense then moved for a mistrial which was denied. Defendant then took the stand and testified that he entered the apartment basement for the sole purpose of looking for toilet facilities. The State, for the purpose of impeaching defendant's credibility as a witness, introduced into evidence a certified copy of defendant's eight-year-old conviction for burglary. Defense counsel had previously objected to the admission of the prior conviction, claiming that the jury should, at the most, only be informed that defendant was previously convicted of a felony.

Defendant was found guilty of burglary and the possession of burglary tools. After a hearing in aggravation and mitigation, he was sentenced to three to twelve years for burglary and two years to two years and one day for possession of burglary tools, the sentences to run concurrently.

OPINION

■■ Officer Traub's reference during direct examination to defendant's silence was volunteered and unresponsive to the prosecutor's question. The prosecutor's subsequent reference to defendant's silence ("He made no statement?"), even after the court properly sustained an objection to Officer Traub's statement, was certainly improper. The exercise by the accused of his constitutional right against self-incrimination shall not be subject to comment at trial. (*Miranda v. Arizona* (1966), 384 U.S. 436.) We agree with defendant that the prosecutor's question was error.

■■ In deciding whether the prosecutor's question amounted to reversible error, we must apply the standard established in *Chapman v. California* (1967), 386 U.S. 18. The Supreme Court there held that in order for an error involving the denial of a federal constitutional right to be held harmless in a state criminal case, the reviewing court must be satisfied beyond a reasonable doubt that the error did not contribute to the defendant's conviction. In *United States v. Wick* (7th Cir. 1969), 416 F.2d 61, the court considered, as we must, the prejudicial effect of the introduction at trial of defendant's reliance at the interrogation on his fifth amendment privilege. Applying *Chapman,* the court at 416 F.2d 61, 62, found no prejudicial error:

> "Here, the two statements, one by the witness and one by the government attorney, amidst the overwhelming evidence against the defendant including two positive identifications, could not have contributed to the jury's verdict, and we do not think that he was prejudiced."

In the case at bar, the evidence against defendant is overwhelming, and his defense that he entered the building to seek toilet facilities is far-fetched. Thus, we are bound by the *Wick* decision and hold that under *Chapman v. California,* beyond a reasonable doubt, the error did not contribute to the defendant's conviction.

■■ Defendant next argues that the admission of his eight-year-old conviction for burglary violates the standards established in *People v. Montgomery* (1971), 47 Ill.2d 510, 268 N.E.2d 695. In holding that the trial judge has discretion to deny the admission of a prior conviction, the Illinois Supreme Court in *Montgomery* adopted the guidelines established by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States. Defendant contends that the *Montgomery* rule was violated by the trial judge. We need not reach this question since we hold that *Montgomery* is not retrospective. The Illinois Supreme Court stated in *People v. Montgomery* (1971), 47 Ill.2d 510, 519, 268 N.E.2d 695, 700, that: "In our opinion, the provisions of this Rule should be followed in future cases." We believe that the

court's choice of the words "future cases" indicates a clear intention to limit its decision to prospective use only. This court has already so limited *Montgomery*. (*People v. Hyde* (1971), 1 Ill.App.3d 831, 275 N.E.2d 239.) This trial, held on January 21, 1970, occurred before *Montgomery* was decided, January, 1971. Since the prior burglary is clearly admissible under pre-*Montgomery* standards, we find that the trial court's ruling, allowing the introduction of the evidence, is proper. In so holding, we do not wish to be understood as indicating, one way or the other, any opinion as to the admissibility of such evidence if offered in a current trial under the circumstances of this case.

■■ The final question raised is whether the conviction for possession of burglary tools must be reversed since both it and the conviction for burglary arose out of the same conduct. The state confesses error on this point, and we are required to follow *People v. Blahuta* (1970), 131 Ill.App.2d 200, 205-6, 264 N.E.2d 819, 822—3, which has already decided this issue:

> "In the instant case there is nothing in the record which shows that the acts which constituted the crime of attempted burglary were independently motivated or otherwise separable from the conduct which constituted the offense of possession of burglary tools. Therefore, since attempted burglary is the more serious of the two offenses, * * * the judgment entered for attempted burglary is affirmed and the judgment entered for the offense of possession of burglary tools is reversed."

The judgment entered for burglary is affirmed and the judgment entered for possession of burglary tools is reversed.

Affirmed in part, reversed in part.

DRUCKER, P. J., and ENGLISH, J., concur